Dear Mr. Theriot:
You have requested an opinion of this office regarding the legal status of drug courts established by the various district courts. Specifically, you ask if there is a statutory mandate as to how drug courts should be established and, if so, what is the mandate? You also ask whether a district court can establish a drug court as a non-profit organization and, if so, is the non-profit organization subject to the public bid laws and public record laws and are the employees of the non-profit organization considered public employees. Finally, you ask whether public employees of the district court can staff a drug court that is established as a non-profit organization.
La. R.S. 13:5301 et seq. authorizes a parish district court to create or establish a alcohol and drug treatment division, also known as a Drug Court. La. R.S. 13:5301 provides that "It is the intent of the legislature by this Chapter to create a program to facilitate the creation of alcohol and drug treatment divisions in the various district courts of this state."
La. R.S. 13: 5303 defines "drug division" as the division or divisions of the court to which alcohol or drug related offenses are assigned or the employee of the court designated to administer the probation program, as provided by R.S. 13:5304(A). Section 5304(A) specifically provides that the drug division or court may be administered by "the presiding judge or judges thereof or by an employee designated by the court." Accordingly, the drug court may be established and staffed by the district court.
The authority granted each parish district court does not specify how the district court is to create or establish an alcohol or drug court. As such, the creation or establishment of an alcohol or drug court must be in accordance with existing general state law and which would include R.S. 12:202.1(D) which authorizes a political subdivision of the state to create a quasi-public nonprofit corporation. However, in doing so, the quasi-public nonprofit corporation shall be subject to the requirements and provisions of the *Page 2 
public contract law (R.S. 38:2211 et seq.), the public meeting law (R.S.42:4 et seq.), and the public records law (R.S. 44:1 et seq.). In addition, such a quasi-public nonprofit corporation would be subject to the audit and oversight authority of the Legislative Auditor pursuant to R.S. 24:511 et seq.
Accordingly, it is the opinion of this office that a drug court may be established and staffed by a district court as a non-profit organization using district court employees. Employees of a drug court established by the district court as a nonprofit organization are considered public employees and the nonprofit organization is considered a quasi-public entity subject to the Louisiana Public Records Law (R.S.44.1 et seq.), the Public Bid Law (R.S. 38:2211 et seq.) and the audit and oversight authority of the Legislative Auditor (R.S. 24:511 et seq.).
We trust this adequately responds to your request. If you have any questions or comments, please do not hesitate to contact our office.
With kindest regards,
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY: __________________________ RICHARD L. MCGIMSEY Assistant Attorney General
 JDC/RLM/dam